```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                Plaintiff,                    MEMORANDUM & ORDER
                                              06-CV-1319(JS)(WDW)
        -against-

JESSICA L. GRAUER, Police Officer;
BILL BOE, Police Sergeant; RICHARD
DORMER, Police Commissioner; and
COUNTY OF SUFFOLK,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    6 Boonar Street
                    Mastic, NY 11950

For Defendants:     Brian Mitchell, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

On January 10, 2014 pro se plaintiff Kevin Jefferson ("Plaintiff") filed a motion to compel, seeking unrestricted access to the Suffolk County Police Department's Internal Affairs Bureau's Report ("IAB Report") on its investigation regarding Plaintiff's November 6, 2004 arrest for Criminal Possession of a Controlled Substance in the 7th Degree and Loitering in the 1st Degree, N.Y. Penal Law §§ 220.03 and 240.36. For the following reasons, Plaintiff's motion to compel the IAB Report is DENIED.

BACKGROUND

The Court presumes familiarity with this action, although a brief recitation of the procedural posture is in order. Specifically, discovery has been closed and the case has been trial-ready for well over a year and a half. On May 16, 2012, Magistrate Judge William D. Wall noted Plaintiff's failure to comply with prior directives and accepted Defendants' Pretrial Order. (Pre-Trial Order, Docket Entry 84.)

Thereafter, on July 16, 2013, Plaintiff failed to appear at a conference ordered by this Court. The following day, the Court received notice from Plaintiff of yet another change of address--at least the tenth such change of address in this case. The Court held another conference on September 11, 2013 and Plaintiff--who claimed to have the names of <u>Monell</u> witnesses since June 20, 2011--was given an additional opportunity to advise the Court and defense counsel of his witnesses within twenty-four hours. Plaintiff failed to do so. As such, Plaintiff's <u>Monell</u> claims against the County are DISMISSED.

All parties were advised to be ready for trial and on October 25, 2013, Defendant was directed to provide Plaintiff with <u>limited discovery</u>. Due to Plaintiff's multiple address changes, as well as accusations against Defense counsel and the Court, Plaintiff was directed to pickup the discovery documents

at the courthouse. (See Docket Entry 96.) On October 15, 2013, Plaintiff signed and acknowledged receipt of two depositions from June 11, 2011, but refused to sign Defendants' proposed Stipulation and Order regarding the IAB Report. Copies of the Report have been available to Plaintiff since October 31, 2013, but he has refused to sign a Stipulation and Order of Confidentiality. Plaintiff has also obtained additional discovery on October 15, 2013 and November 15, 2013.

The Court conducted a conference on January 10, 2014 and granted Plaintiff another adjournment to be ready for trial based upon a variety of personal problems that Plaintiff insisted precluded him from preparing his case. His issues included another earlier intervening arrest, a pending eviction, and his "life threatening" circumstances. Despite his purported dire circumstances, however, Plaintiff was able to prepare the current motion, complete with case law and relevant legal citations, within one day. (See Pl.'s Ltr. Mot. to Compel, Docket Entry 99.)

Defendants filed an opposition on January 21, 2014, but indicated that counsel did not have sufficient time to obtain affidavits from police personnel. (Defs.' Opp. Br., Docket Entry 101.) Defendants had not previously moved for a protective order regarding the IAB Report. Plaintiff subsequently filed two reply briefs. (See Docket Entries 104,

107.) Throughout those submissions, Plaintiff asserts a variety of accusations as to the Court's impartiality and disparages defense counsel's motives and ethics.

## DISCUSSION

Although Plaintiff is correct that there is case law to support access to the IAB report, see King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988); Dorsett v. Cnty. of Nassau, 762 F. Supp. 2d 500 (E.D.N.Y. 2011), the Court finds that Plaintiff is not entitled to unrestricted access at this late stage in the proceedings and well after discovery has been closed.

Defendants followed the strict time-restrains set by the Court in responding to Plaintiff's instant motion to compel, hindering their ability to timely submit affidavits establishing privilege. Nonetheless, the Court has been very lenient in allowing Plaintiff additional limited discovery, even well after discovery was closed. The docket reflects a long litigation history, including more than ten address changes, numerous discovery extensions, and failures by Plaintiff to appear for conferences and to comply with Judge Wall's directive.

The instant case is based on allegations arising from an arrest almost a decade ago and the Report pertains to an arrest on November 16, 2004. Now, on the eve of trial, Plaintiff seeks to litigate discovery issues that could have been addressed years ago. His submission is untimely, and his

4

motion to compel is therefore DENIED.  See Lopez v. Ramos, No. 11-CV-7790, 2013 WL 6912692, at *4 ("Where a request to reopen discovery is made on the eve of trial, this factor weighs against granting the request to reopen discovery.") (S.D.N.Y. Dec. 30, 2013); Brown v. City of Syracuse, 648 F. Supp. 2d 461, 467 (N.D.N.Y. 2009) (denying the plaintiff's motion to reopen discovery on the eve of trial); see also LeGrande v. Adecco, 233 F.R.D. 253, 257-58 (N.D.N.Y. 2005) (noting a court's inherent power to manage their proceedings and the potential for discovery sanctions even in the absence of a discovery order).

Notably, the only issue here was whether Plaintiff should be permitted unrestricted access to the IAB Report.  The Report itself is admissible at trial--which will commence on February 11, 2014--and either party may seek to introduce it. Moreover, the Court has never prevented Plaintiff from reviewing the Report, and he may do so in the courtroom.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Plaintiff's motion to compel the IAB Report is DENIED, but Plaintiff may review the Report in Court and seek to introduce it at trial. Additionally, Plaintiff has failed to provide the Court with a list of witnesses to support his Monell claim against the County and therefore such claim is DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February __10__, 2014
         Central Islip, NY

6